# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
APR 2 4 2015
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N.C.
By_____

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KEVIN N. COLQUITT, | |
| Plaintiff, | |
| v. | Civ. Action No. 1:15MC9 |
| ABBOTT LABORATORIES, *et al.*, | 3:06-CV-01769 (N.D. TEX.) |
| Defendants. | |

## RELATOR'S RULE 45(f) UNOPPOSED MOTION TO TRANSFER AND COMPEL NON-PARTIES RICHARD STACK, MD, AND SYNECOR, LLC TO RESPOND TO RELATOR'S SUBPOENA DUCES TECUM

### I. STATEMENT OF THE MATTER BEFORE THE COURT

COMES NOW Relator, Kevin N. Colquitt, by and through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 45 and 37, and moves this Court unopposed for an Order transferring his motion to compel to the Northern District of Texas, or, in the alternative, for an Order compelling production of the documents identified in the attachments to the subpoenas. Counsel for Relator intends to file motions for admission *pro hac vice* shortly. In support of his motion, Relator states as follows:

### II. FACTUAL BACKGROUND

On September 26, 2006, Relator filed the above captioned *qui tam* lawsuit in the Northern District of Texas, Dallas Division, against Defendants Abbott Laboratories and Abbott Vascular Solutions, Inc., f/k/a Guidant Corp. and Guidant Endovascular

Solutions, Inc., (collectively "Defendants" or "Abbott") alleging a decade-long fraudulent scheme of knowingly making and causing to be made false statements and claims, which were material to the federal and state governments' decisions to pay hundreds of thousands of reimbursement claims by health care providers for use of unapproved, non-covered medical devices and related services (hereinafter "Government Fraud Action").

Dr. Stack had a decades long consulting relationship with the Defendants in the Texas case. *See generally* Compl., *Stack v. Abbott Labs., et al.,* No. 1:12-cv-148 (M.D.N.C. Feb. 13, 2012) (ECF No. 1) (App. 1). Beginning in 1985, and continuing through 2011, Dr. Stack provided consulting services pursuant to a series of formal consulting agreements entered into by Dr. Stack and Abbott's predecessor entities. *Id.* at 6-7 (App. 7-8). These services included product development, pre-clinical testing and other analysis of stent products, in exchange for a royalty payment on eventual sales of the products. *Id.* at 16 (App. 17). Dr. Stack's longstanding relationship with Guidant and Abbott makes him intimately familiar with the development, marketing, and intended use of biliary and vascular stents during the relevant time period.

On March 23, 2015, Relator served subpoenas on Dr. Stack and his company, Synecor LLC seeking documents related to his consultant work for Guidant and Abbott, specifically as it related to biliary and vascular stents. *See* Subpoenas for Production of Documents Issued to Dr. Richard Stack and Synecor LLC, Attachment A (App. 44-45). On April 6, 2015 counsel for Dr. Stack and Synecor served on Relator written objections to the subpoenas. *See* Ltr from D. Eglington to A. Beato (App. 73-76). Dr. Stack and

Synecor concede they possess relevant responsive documents, and are willing to produce such documents in the following categories:

- o Any consulting agreement between Dr. Stack and Abbott that: (a) was in effect as of January 1, 2000 or later; and (b) related to the development of stents for use in Vascular Stenting Procedures and/or Biliary Stenting Procedures.

- o To the extent that such documents exist, documents sufficient to show any payment of royalties to Dr. Stack from Abbott/Guidant relating to Biliary Stents.

- o To the extent that such documents exist, correspondence from Abbott to Dr. Stack requesting that Dr. Stack return to documents in Dr. Stack's possession, custody, or control relating to Vascular Stenting Procedures and/or Biliary Stenting Procedures.

*Id.* at 3 (App. 75). Dr. Stack's and Synecor's objections to producing documents in the above category are not related to their relevance or responsiveness. Instead, the objections are limited to "contractual non-disclosure obligations between Abbott and Dr. Stack and/or Synecor." *Id.* at 1 (App. 73). Counsel for Dr. Stack and Synecor LLC made clear in this correspondence that "we will not oppose a motion to compel production of these three categories of documents and are agreeable to producing them upon a court order requiring their production and/or Abbott's consent." *Id.*

## III.   ISSUES PRESENTED

In the interest of consistent adjudication of the claims of the United States government, the real party in interest in the Government Fraud Action, as well as judicial economy, Relator requests the Court transfer the adjudication of this enforcement action to the Northern District of Texas. In the alternative, Relator requests this Court issue an

order compelling production of the documents referenced by counsel for Dr. Stack and Synecor, LLC stated above.

## IV.    ARGUMENT

### A.    REQUEST TO TRANSFER MOTION TO COMPEL IN THE INTEREST OF JUDICIAL ECONOMY AND CONSISTENCY OF OUTCOME

According to Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). In this case, there are two separate "exceptional circumstances" present to allow Relator's pending motion to compel to be transferred to the issuing court – the Northern District of Texas.  As stated above, the Government Fraud Action was originally filed on September 26, 2006. Since that time, the Northern District of Texas has been extensively involved in deciding comprehensive discovery and dispositive motions tied to the merits of this case and reflected in the substance of the subject subpoenas. As evidenced by the docket in the Government Fraud Action, the Northern District of Texas is extremely familiar with the underlying issues, facts, and parties. *See* Case Docket, *United States ex rel. Colquitt v. Abbott Labs., et al.,* No. 3:06-cv-01769-M (N.D. Tex.) (App. 77).

In consideration of the extensive litigation history, the complexity of the suit, and in the interest of judicial economy, the Northern District of Texas is in a better position to hear arguments related to any subpoena duces tecum and harmonize its ruling with past decisions. *See Patriot Nat. Ins. Group v. Oriska Ins. Co.,* 973 F. Supp. 2d 173, 176

(N.D.N.Y. 2013) (granting motion to transfer action to compel non-party's compliance with a Rule 45 subpoena to court overseeing underlying litigation in consideration of that court's greater knowledge of the lawsuit and in the interest of a just and speedy resolution); *F.T.C. v. A+ Financial Center, LLC*, No. 1:13–mc–50, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013) (holding that the wisest course is to permit the court most familiar with the parties' disputes to fully and finally resolve any discovery related motions); V*alle del Sol, Inc. v. Kobach*, No. 14-MC-219-JAR, 2014 WL 3818490, at *4 (D. Kan. Aug. 4, 2014)("Thus, identical issues have arisen in discovery in multiple districts, with the possibility that multiple courts will issue varying, and potentially inconsistent rulings, weighing heavily in favor of transfer.")

Additionally, Advisory Committee notes to Federal Rule 45(f) emphasize that transfer of subpoena-related motions to the pending court's jurisdiction is favored "where similar issues are likely to arise in multiple districts." FED. R. CIV. P. 45(F) adv. comm. note (2013). The rationale of this rule is rooted in the interests of judicial economy and avoiding inconsistent results. *See A+ Financial Center* 2013 WL 6388539, at *3 (granting motion to transfer subpoena-related motion to pending court on the basis that multiple subpoenas pending in other jurisdictions and there was the potential for inconsistent rulings).

There are currently multiple motions to transfer pending in various jurisdictions related to third party subpoenas. Both the Defendants and the Relator have filed various of these motions to transfer. Two have recently been transferred to the Northern District of Texas as requested by Defendants, where the underlying litigation is pending. *See*

Transfer Orders (App. 133-135). In addition, the United States District Court for Southern District of Florida also has transferred a motion to compel to the Northern District of Texas, as requested by the Relator. *See* Transfer Order (App. 136-139). There are additional subpoenas duces tecum pending before nine different jurisdictions seeking testimony and document production of various third party witnesses and entities. It is foreseeable that additional motions to compel will be filed. As a result, there is a serious risk of inconsistent results if the subpoena-related motions are not transferred to a single court for comprehensive and uniform treatment. The Court best suited for this task is the Northern District of Texas. Neither Dr. Stack nor Synecor, LLC opposes such a transfer. As it is unopposed, the Court should grant this motion.

**B.      RELATOR'S MOTION TO COMPEL RELEVANT DOCUMENTS SET FORTH IN SUBPOENA DUCES TECUM**

If the Court decides to rule on the merits of Relator's motion, an order compelling Dr. Stack and Synecor, LLC to produce the documents their counsel has identified as relevant and in their possession is warranted. As this Court is well aware, the federal discovery rules provide a party with access to anything relevant to the proceedings that is not protected by privilege, and the term "relevant" is broadly defined to include material reasonably calculated to lead to discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1). "Further, the United States Court of Appeals for the Fourth Circuit has declared that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 402 (4th Cir. 2003). In applying the foregoing principles, district judges and magistrate judges

in the Fourth Circuit have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Long v. Libertywood Nursing Ctr.*, No. 1:13CV315, 2014 WL 3696257, at *2 (M.D.N.C. July 23, 2014).   Applied here, Dr. Stack and Synecor LLC do not contest the propriety of discovery in this matter.  On the contrary, they have agreed to produce documents subject to a court order.  This fact alone mandates a ruling in favor of Relator on the instant motion to compel this admittedly relevant evidence, should the Court deny the instant motion to transfer.

Nor could one make the argument that Dr. Stack or Synecor could refuse to produce documents based on an objection by Abbott to the production of Abbott's purportedly confidential information.   Abbott and Relator both are parties to a comprehensive protective order they negotiated in the Government Fraud Action (ECF No. 241 (App. 140)), and Abbott has already produced numerous documents reflecting its own putative confidential and sensitive information pursuant to that order.  "'[I]f the trade secrets are deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion.'" *R.C. Olmstead, Inc. v. CU Interface, LLC,* 606 F.3d 262, 269 (6th Cir. 2010) (quoting *Centurion Indus., Inc. v. Warren Steurer & Assocs.,* 665 F.2d 323, 326 (10th Cir. 1981)).

As demonstrated above, the documents sought by the subject subpoena duces tecum are critical to the Government Fraud Action, as they relate to the development and

marketing of Abbott's biliary stents.  As such, Relator respectfully requests that this Court issue an order compelling the production of the requested documents.

## V. CONCLUSION

WHEREFORE, Relator, Kevin Colquitt, respectfully requests that this Court enter an Order transferring the pending motion to compel to the Northern District of Texas or, in the alternative, an Order compelling the production of documents responsive to the subject subpoenas duces tecum.  Relator further requests any other relief to which he is justly entitled. A proposed order is attached. Additionally, Relator requests a telephonic hearing on this issue, but is available at the Court's convenience to appear in person.

## VI.    CERTIFICATE OF CONFERENCE

Consistent with Local Rule 37.1(a) for United States District Court for the Middle District of North Carolina, counsel for Relator conferred with counsel for Dr. Stack and Synecor via telephone on April 15, 2015 regarding the objections raised in response to Relator's respective subpoenas.  Counsel for Dr. Stack and Synecor indicated both parties do not oppose Relator's motion, either with regard to Relator's request for transfer or Relator's request for an order compelling compliance with the subpoenas.

Dated: April 23rd, 2015.

Respectfully submitted,

G. Christopher Olson
N.C. State Bar No. 21223
gco@m-j.com
**MARTIN & JONES, PLLC**
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603
(919) 821-0005 (telephone)
(919) 863-6077 (fax)

Andrew M. Beato
D.C. Bar No. 469097
abeato@steinmitchell.com
David U. Fierst
D.C. Bar No. 912899
dfierst@steinmitchell.com
**STEIN MITCHELL MUSE CIPOLLONE
   & BEATO, LLP**
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
(202) 737-7777 (telephone)
(202) 296-8312 (fax)

Christopher S. Hamilton
TX State Bar No. 24046013
chamilton@standlyhamilton.com
Meagan Martin (***pro hac vice to be filed***)
TX State Bar No. 24050997
mmartin@standlyhamilton.com
**STANDLY AND HAMILTON, LLP**
325. N. St. Paul Street. Suite 3300
Dallas, TX 75201
(214) 234-7900 (telephone)
(214) 234-7300 (fax)

Kelly R. Bagby
D.C. Bar. No. 462390
kbagby@aarp.org
**AARP FOUNDATION LITIGATION**
601 E Street, N.W.
Washington, D.C. 20049
(202) 434-2060 (telephone)
(202) 424-6464 (fax)

Robert L. Langdon
Missouri State Bar No. 23233
bob@lelaw.com
Adam Graves
Missouri State Bar No. 55190
adam@lelaw.com
**LANGDON & EMISON, LLC**
The Eagle Building
911 Main Street – P.O. Box 220
Lexington, Missouri 64067
(660) 259-6175 (telephone)

***Counsel for Relator***

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following counsel of record on this 24th day of April, 2015, in accordance with the Federal Rules of Civil Procedure:

George W. Bramblett                     HAND DELIVERY_____
Jeremy D. Kernodle                      CERTIFIED MAIL_____
HAYNES AND BOONE, LLP                   ELECTRONIC MAIL___X_____
2323 Victory Avenue, Suite 700          FACSIMILE_____
Dallas, Texas 75219                     FIRST CLASS MAIL_____

James R.P. Hileman                      HAND DELIVERY_____
Andrew A. Kassof, P.C.                  CERTIFIED MAIL_____
Elizabeth S. Hess                       ELECTRONIC MAIL___X_____
Jessica L. Staiger                      FACSIMILE_____
KIRKLAND & ELLIS LLP                    FIRST CLASS MAIL_____
300 North LaSalle
Chicago, Illinois 60654

Scott Hogan                             HAND DELIVERY_____
U.S. ATTORNEY'S OFFICE                  CERTIFIED MAIL_____
1100 Commerce                           ELECTRONIC MAIL___X_____
3rd Floor                               FACSIMILE_____
Dallas, Texas 75242                     FIRST CLASS MAIL_____

Eugenia La Fontaine Krieg               HAND DELIVERY_____
Linda A. Halpern                        CERTIFIED MAIL_____
OFFICE OF THE TEXAS ATTORNEY            ELECTRONIC MAIL___X_____
GENERAL                                 FACSIMILE_____
300 W. 15th Street                      FIRST CLASS MAIL_____
Austin, Texas 78701

Donalt J. Eglington                     HAND DELIVERY_____
WARD & SMITH, P.A.                      CERTIFIED MAIL_____
1001 College Court (28562)              ELECTRONIC MAIL___X_____
Post Office Box 867                     FACSIMILE_____
New Bern, NC 28563-0867                 FIRST CLASS MAIL_____

G. Christopher Olson